PEOPLE v RAYMOND SMITH

Docket No. 77-1654. Submitted March 8, 1978, at Lansing.—Decided May 12, 1978.

Raymond C. Smith was convicted of welfare fraud over $500 in the Ingham Circuit Court, Michael G. Harrison, J. Defendant appeals. *Held:*

Sufficient evidence was produced at trial for the jury to determine that the defendant did not meet the affirmative duty imposed by statute to report a change in his circumstances which would decrease the amount of the grant he received. An individual violates the statute regarding the obligation to supply such information where he obtains or induces another to obtain assistance or relief to which he or she is not entitled. The total amount of assistance received as a result of a defendant's misrepresentations, not only the portion of the benefits received which can be attributed to the defendant's support, is used to calculate whether such misrepresentation amounts to a misdemeanor or a felony.

Affirmed.

1. Social Security and Public Welfare—Social Welfare Act—Welfare Relief—Information—Changes in Circumstances—Recipient's Obligation—Statutes.

Anyone receiving relief under the Social Welfare Act has an affirmative duty to report any change in his circumstances which would decrease the amount of the grant he receives (MCL 400.60[2]; MSA 16.460[2]).

2. Criminal Law—Social Security and Public Welfare—Evidence—Welfare Relief—Information—Changes in Circumstances—Recipient's Obligation.

Sufficient evidence was produced at a defendant's trial for welfare fraud over $500 for the jury to determine that the defendant was receiving relief under the Social Welfare Act and, therefore, had a duty to report a change in circumstances which would decrease the amount of the grant he received where the evidence showed that the defendant resided at home with his

Reference for Points in Headnotes

[1–3] 79 Am Jur 2d, Welfare Laws § 50.

wife and child at least part of the time and that the rent for the home came from the Department of Social Services and that he signed two re-determination of eligibility forms indicating that he was living in the home and that he was receiving no income or unemployment compensation.

3. CRIMINAL LAW—SOCIAL SECURITY AND PUBLIC WELFARE—CHANGES IN CIRCUMSTANCES—INFORMATION—RECIPIENT'S OBLIGATION— TOTAL ASSISTANCE—MISDEMEANORS—FELONIES—STATUTES.

An individual violates the statute regarding the obligation to supply information of a change in circumstances which would decrease the amount of public assistance or relief the person was entitled to where he obtains or induces another to obtain assistance or relief to which he or she is not entitled; the total amount of assistance received as a result of such misrepresentations, not only the portion of the benefits received which can be attributed to the defendant's support, is used in calculating whether such misrepresentations amount to a misdemeanor or a felony (MCL 400.60; MSA 16.460).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *Michael G. Woodworth,* Chief Appellate Attorney, for the people.

*Sisk & Robson, P. C.,* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and J. H. GILLIS and S. EVERETT,* JJ.

PER CURIAM. Defendant was convicted of welfare fraud over $500 by an Ingham County jury on January 5, 1977. He was sentenced on February 25, 1977, to a term of 14 months to 4 years in prison. He appeals as of right seeking reversal or, in the alternative, a remand to the lower court for a determination of the actual amount of the fraud and for resentencing.

Defendant's wife and child were receiving an ADC grant. When defendant returned home, the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

grant was increased. The presence of an unemployed father affects the amount of the ADC grant. MCL 400.56d; MSA 16.456(4).

Defendant was convicted of misrepresenting his employment status to the Department of Social Services. MCL 400.60(2); MSA 16.460(2) places an affirmative duty on anyone "receiving relief" under the Social Welfare Act, MCL 400.1 *et seq.;* MSA 16.401 *et seq.* to report any change in his circumstances which would decrease the amount of the grant. Since defendant and his family received $1,447 during the period charged in the information, he was convicted of welfare fraud over $500.

Defendant first argues that he was not "receiving relief" under the act and, therefore, had no duty to report the change in his circumstances. *People v Akerley,* 73 Mich App 321, 325; 251 NW2d 309 (1977). However, there was sufficient evidence produced at trial for a jury to determine otherwise. Defendant resided at home at least part of the time and the rent for that home came from the Department of Social Services. Additionally, he signed two re-determination of eligibility forms indicating he was living in the home and that he was receiving no income or unemployment compensation.

Defendant next contends that the proper test in determining whether he was guilty of a felony or a misdemeanor is the additional amount added to the grant from defendant's failure to perform his statutory duties. The circuit court considered only the total amount of the grant.

MCL 400.60; MSA 16.460 provides in part that:

"Any person who by means of wilful false statement

or representation or by impersonation or other fraudulent device *obtains or attempts to obtain, or aids or abets any person to obtain* (a) assistance or relief to which he is not entitled; or (b) a larger amount of assistance or relief than that to which he is justly entitled; or any officer or employee of a county, city or district department of social welfare who authorizes or recommends relief to persons known to him to be ineligible or to have fraudulently created their eligibility; or any person who knowingly buys or aids or abets in buying or in disposal of the property of a person receiving assistance or relief without the consent of the director or supervisor of the state department, shall, if the amount involved shall be of the value of $500.00 or less, be deemed guilty of a misdemeanor, and shall, if the amount involved shall be of the value of more than $500.00, be deemed guilty of a felony, and upon conviction shall be punished as provided by the laws of this state." (Emphasis supplied.)

Defendant's argument fails in light of the aforementioned statute. As noted by the underscored language, an individual violates MCL 400.60; MSA 16.460 when he obtains or induces another to obtain assistance or relief to which he or she is not entitled. Such is the case in the instant matter.

Defendant, via his misrepresentations, has caused to be paid over $1,447 in benefits in contravention of the statute. While only a portion of the benefits can be attributed to defendant's support, the remaining amount was nonetheless paid over to his family as a result of his misrepresentations. Under such circumstances, we find that defendant has fraudulently caused benefits in excess of $500 to be paid out in contravention of MCL 400.60(1); MSA 16.460(1).

Hence, defendant was properly convicted of a felony under the statute.

Affirmed.